ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-6528
   Facsimile: (213) 894-7177
   E-mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>REAL PROPERTY LOCATED AT 1121 COLORADO BLVD., LOS ANGELES, CA, (MATTHES AND LUCAS),<br><br>      Defendant.<br>_____<br>JOHN MATTHES AND KEVIN D. LUCAS,<br><br>      Claimants.<br>_____ | CV 12-8248 PA(AGRx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

This action was commenced on September 25, 2012. Notice was given and published in accordance with law. Claimant and titleholder John Matthes ("Matthes") filed a claim on November 21, 2012. Claimant and titleholder Kevin D. Lucas ("Lucas") filed a claim on November 21, 2012. Matthes and Lucas will be collectively referred to hereinafter as "claimants." No other claims or answers have been filed, and the time for filing claims and answers has expired. Plaintiff United States of America ("the government") and the claimants have reached an agreement that, without further litigation and without an admission of any wrongdoing, is dispositive of the government's claims against this property, and hereby request that the Court enter this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. As used throughout, the following terms shall have the following meaning: (a) "defendant property" shall mean the defendant real property located at 1121 Colorado Blvd., Los Angeles, California 90041; (b) "claimants' property" shall mean any real property that Matthes and Lucas own, maintain, control or manage, including, but not limited to, the defendant property; and (c) "illegal purpose" shall mean any purpose that furthers or facilitates the distribution or sale of marijuana in violation of federal law, including, but not limited to, renting space to a person or entity that sells or distributes marijuana or the renting of space to or permitting the continued tenancy of any person or entity that sells, distributes or facilitates the sale or distribution of marijuana.

///

2. This Court has jurisdiction over the parties to this judgment and the subject matter of this action.

3. On or about September 25, 2012, the government filed a Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7) against the defendant real property.

4. Matthes and Lucas filed claims to the defendant property. No other claimant has appeared in this action, and the time to file claims has expired.

5. Notice of this action has been given in accordance with law. No appearances having been made by any person other than the claimants, the Court deems that all other potential claimants admit the allegations of the Complaint to be true. The Complaint states a valid claim for relief pursuant to 21 U.S.C. § 881(a)(7).

6. The claimants shall retain possession of and title to the defendant property, and in consideration thereof, Matthes and Lucas agree to abide by the terms of this Agreement. The claimants shall lawfully use and occupy the defendant property in accordance with the restrictions imposed by paragraph 7 below. If either Matthes or Lucas fails to comply with any of the terms of paragraph 7, the interest of the non-complying party or parties in the defendant property shall be forfeited to the government pursuant to paragraph 8 below.

7. Neither Matthes nor Lucas shall use or occupy the defendant property, nor shall they allow the defendant property to be used or occupied, for any illegal purpose. Matthes and Lucas shall take all reasonable precautions to prevent any destruction to or diminution in value of the defendant property

1  and any fixtures thereto.  Neither Matthes nor Lucas shall
2  knowingly rent, lease or otherwise allow the use or occupancy of
3  any of claimants' property to (a) any former tenant who used or
4  occupied any of claimants' property for any illegal purpose; or
5  (b) any person Matthes or Lucas have reason to believe may use
6  or occupy the claimants' property for any illegal purpose.
7  Neither Matthes nor Lucas shall knowingly allow any of the
8  claimants' property to be listed in any advertisement,
9  publication, directory or internet site which advertises or
10 indicates that marijuana is available at the location of the
11 claimants' property.[1]

12      8.   In the event that either Matthes or Lucas fails to
13 comply with any of the terms of paragraph 7 of this Consent
14 Judgment during the four (4) year period following the entry of
15 this judgment, the entirety of each non-complying claimant's
16 interest in the defendant property shall be ordered condemned
17 and forfeited to the United States.  In the event of forfeiture,
18 the Los Angeles County Recorder shall index this Judgment in the
19 grantor index under the names of Matthes and Lucas and in the
20 grantee index in the name of the United States of America.  If
21 the government believes that Matthes or Lucas has failed to
22 comply with any provision of paragraph 7, it shall provide
23 written notice of such failure to Matthes and Lucas (as well as
24 their respective undersigned counsel), describing the provision
25 believed to have been violated.  Matthes and/or Lucas shall have
26 fifteen (15) days from its receipt of such notice to cure the

---

[1] The government and claimants are currently informed and believe that there is no location of any claimants' property currently listed in any such publications.

1 violation.  If the violation is not cured within the 15-day
2 period, the government shall file a Notice of Non-Compliance and
3 Forfeiture with the Court, setting out the violation and the
4 failure of Matthes or Lucas to timely cure the violation.
5 Matthes and/or Lucas shall have fifteen (15) court days from the
6 filing of the Notice to seek relief from forfeiture.  If such a
7 motion is filed, the government shall take no further action
8 until the motion has been determined.  If no such motion is
9 timely filed, the defendant property shall be forfeited to the
10 United States on the sixteenth (16th) day after the filing of the
11 Notice of Non-Compliance and Forfeiture, unless the Court orders
12 otherwise.  Upon forfeiture under the terms of this paragraph,
13 the government shall have the right to take possession of the
14 defendant property without further order of the Court, and the
15 United States Marshals Service, or its representatives, shall,
16 without further order of the Court, proceed to take physical
17 possession of the defendant property and its fixtures, and may
18 evict any and all persons, pets, livestock, and personal
19 property from the defendant property as it deems necessary or
20 appropriate.  A "filed"-stamped copy of this Consent Judgment
21 accompanied by a "filed"-stamped copy of a Notice of
22 Noncompliance and Forfeiture and/or order of the Court, shall be
23 sufficient to establish the forfeiture of the defendant
24 property.  In the event that the defendant property is forfeited
25 to the government, Matthes and Lucas agree that the United
26 States Marshals Service may proceed to sell the defendant
27 property.  Thereafter, the United States Marshals Service, or
28 its representatives, shall promptly proceed to dispose of the

defendant property and to distribute any proceeds from the sale in accordance with the law.

9. Upon the filing of this Consent Judgment, the United States Marshals Service, or its representatives, shall be allowed to enter the defendant property for purposes of inspection and inventory. Such entry shall be permitted by Matthes and Lucas at a reasonable time to be agreed upon by the parties. Absent such agreement, the government may apply to the Court for a writ of entry for purposes of protecting the government's interests in the defendant property, in connection with which Matthes or Lucas may request a hearing.

10. In consideration of the government's agreement not to pursue claimants' interests in the defendant property, Matthes and/or Lucas shall pay the sum of $20,000.00 to the government not later than 90 days following entry of this consent judgment by the Court. Such payment shall be made in the form of a cashier's check made payable to the United States Marshals Service, and shall be delivered to Assistant United States Attorney P. Greg Parham, 312 N. Spring Street, 14th Floor, Los Angeles, California 90012. Said sum is hereby ordered forfeited to the United States of America and no other right, title or interest shall exist therein. The United States Marshals Service is ordered to dispose of the funds in accordance with law.

11. In consideration of claimants' agreement to forfeit the above-described funds, the government agrees to forego its attempts to forfeit claimants' interest in the defendant property in connection with any conduct committed up to and

including the date of the filing of this proposed consent judgment, except as otherwise provided herein.  The government agrees that if payment is made as provided in paragraph 10, it shall execute and record a Withdrawal of *Lis Pendens* with the Los Angeles County Recorder within ten days of such payment.

12.  Should claimants fail to make the payment required herein within 90 days following entry of this consent judgment, the government shall acquire a lien against the defendant real property in the sum of $20,000.00.  The government's lien shall include a right of sale, allowing the government to take possession of and sell the defendant property at any time after fifteen days following entry of this consent judgment, unless the parties agree otherwise in writing.  The government shall give written notice to the claimants by letter directed to Jacek W. Lentz, 1055 Wilshire Blvd., Suite 1996, Los Angeles, CA 90017, jwl@lentzlawfirm.com, thirty (30) days before the government intends to enforce its right of sale of the property. At the conclusion of that thirty day period, any occupants or personal property shall be removed from the property.  The United States Marshals Service is hereby authorized to remove any occupants and/or personal property remaining on the defendant property thirty days after the giving of written notice without further order of this Court.  The United States Marshal Service shall thereafter sell the property.  The proceeds of sale shall be applied as follows, to the extent proceeds are available:

///

        a.    First, to the costs incurred by the United States Marshals Service in taking possession of and selling the defendant property;

        b.    Second, to the payment due under the terms of this judgment; and

        c.    Third, to the claimants.

13. Matthes and Lucas have released the United States of America, its agencies, agents, and officers, including, without limitation, employees and other representatives of the Drug Enforcement Administration, from any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant real property, including, without limitation, any and all claims for attorneys' fees, costs or interest which may be asserted by them or on their behalf.

14. The Court finds that there was reasonable cause for the initiation of this action, and this Consent Judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

15. The parties shall bear their own costs and attorneys' fees in this action.

16. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

Dated: January 7, 2013

                THE HONORABLE PERCY ANDERSON
                UNITED STATES DISTRICT JUDGE

[Signatures of the parties follow on the next page.]

**Approved as to form and content:**

DATED: January 4, 2013        ANDRÉ BIROTTE JR.
                              United States Attorney
                              ROBERT E. DUGDALE
                              Assistant United States Attorney
                              Chief, Criminal Division
                              STEVEN R. WELK
                              Assistant United States Attorney
                              Chief, Asset Forfeiture Section


                                /s/ P. Greg Parham
                              P. GREG PARHAM
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              United States of America


DATED: December 31, 2012        /s/ Jacek W. Lentz
                              JACEK W. LENTZ
                              Attorney for Claimants
                              John Matthes and Kevin D. Lucas


DATED: December 28, 2012        /s/ John Matthes
                              JOHN MATTHES
                              Claimant and Titleholder


DATED: December 28, 2012        /s/ Kevin D. Lucas
                              KEVIN D. LUCAS
                              Claimant and Titleholder